OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Blazic, Appellee, v. Ohio State Dental Board, Appellant.
[Cite as Blazic v. Ohio State Dental Bd. (1993),     Ohio St.3d     .]
Dentists -- Violations of R.C. 4715.30(A)(2) and 2715.19 --
    Sub-standard care in violation of R.C. 4715.30(A)(7) not
    shown, when.
(No.  92-241 -- Submitted February 17, 1993 -- Decided May 19, 1993.)

Appeal from the Court of Appeals for Hamilton County, No. C-900336.

This case began on August 16, 1988 when the Ohio State Dental Board ("OSDB") issued a notice of opportunity for hearing to John P. Blazic, D.D.S. In this notice, Blazic was charged with a total of twenty-one counts of violating provisions of R.C. Chapter 4715.

Blazic was charged in twenty counts with "obtaining or attempting to obtain money or anything of value by intentional misrepresentation or material deception in the course of practice," in violation of R.C. 4715.30(A)(2). Three of these counts also charged Blazic with employing a person to practice dentistry who is not licensed to do so in the state of Ohio, in violation of R.C. 4715.19 and 4715.30(A)(9). The final count charged Blazic with "providing dental care that departs from the accepted standards for the profession" in violation of R.C. 4715.30(A)(7).

Blazic requested that a hearing pursuant to R.C. 119.07 be held in order to present his response to the allegations against him.

On November 17, 1988, a hearing was held before the OSDB. In an adjudication order dated November 30, 1988, the OSDB found nineteen of the twenty-one counts directed against Blazic to be true. As a result of its findings, the OSDB ordered that Blazic's dental license be suspended for thirty days, that Blazic be placed on probation for two years, and that Blazic be required to perform two hundred hours of pro bono service during his probationary period.

Pursuant to R.C. 119.12, Blazic appealed the OSDB adjudication order to the Court of Common Pleas of Hamilton

County.  The common pleas court affirmed the adjudication order.

Blazic then appealed the holding of the common pleas court to the Court of Appeals for Hamilton County.  On December 11, 1991, in a two-page judgment entry, the court of appeals reversed the OSDB's adjudication order.  The court found that there was no evidence in the record to indicate that Blazic had violated R.C. 4715.30(A)(2) by obtaining or attempting to obtain money or anything of value by intentional misrepresentation or material deception in the course of practice.  The court of appeals further found that Blazic did not violate R.C. 4715.19 because he was not a "manager, proprietor, operator, or conductor of a place for performing dental operations," and because the statute in question did not forbid the employment of dentists not licensed in Ohio who were licensed outside Ohio.  Finally, the court of appeals found no evidence in the record indicating that Blazic had violated R.C. 4715.30(A)(7) by providing dental care that departs from the accepted standards for the profession.

On January 6, 1992, the OSDB filed a notice of appeal to this court, and on May 13, 1992, this court granted the dental board's motion in support of jurisdiction.

White, Getgey & Meyer Co., L.P.A., Frank R. Recker and David I. Thompson, for appellee.

Lee I. Fisher, Attorney General, Ava W. Serrano and Susan C. Walker, Assistant Attorneys General, for appellant.

Pfeifer, J.     The decision of the court of appeals is reversed because the findings in the adjudication order of the OSDB were based on a proper interpretation of Ohio law and were supported by reliable and probative evidence, except for the finding that Dr. Blazic provided dental care that departs from the accepted standards for the profession as required by R.C. 4715.30(A)(7). The sanctions which the OSDB imposed against Dr. Blazic are to remain in effect because they are reasonable, even though there was no evidence to support the charge of substandard dentistry.

I

The OSDB was presented with sufficient evidence to conclude that Blazic had violated R.C. 4715.30(A)(2).

A

There is evidence in the record indicating that Dr. Blazic violated R.C. 4715.30(A)(2). The statute provides:

"(A) The holder of a certificate or license issued under this chapter is subject to disciplinary action by the state dental board for any of the following reasons:

"***

"(2) Obtaining or attempting to obtain money or anything of value by intentional misrepresentation or material deception in the course of practice[.]"

The OSDB, in counts one to fourteen of its notice of an opportunity for hearing, determined that Dr. Blazic had billed Community Mutual Insurance Company on fourteen occasions for the services of a surgical assistant when Dr. Blazic had actually been assisted by a registered nurse ("RN").  Because the board held that each of these billings was inappropriate,

it concluded that Blazic had attempted to obtain money by intentional misrepresentation or by material deception.

The record indicates that the dental board's conclusion is well supported by the evidence. There was testimony by several witnesses well acquainted with insurance industry practices who indicated that billing for the services of a "surgical assistant" who is actually an RN is an inappropriate practice in the medical insurance industry. Dr. Michael Barnes Lee, an oral and maxillofacial surgeon, testified that it is improper for dentists to bill for their surgical assistants who are RNs. Because the evidence presented at the hearing demonstrated that Blazic's billing practices directly conflicted with the standards of the dental profession and the medical insurance industry, the OSDB had a reasonable basis to conclude that Dr. Blazic was attempting to obtain money through material deception in violation of R.C. 4715.30(A)(2), as alleged in counts one to fourteen of the notice of an opportunity for hearing.

### B

In counts fifteen and seventeen, the dental board found that Dr. Blazic had also attempted to obtain money by intentional misrepresentation or material deception by billing for an assistant surgeon when no one fitting that description appears on the hospital records. Dr. Blazic conceded that the hospital records relevant to these to charges did not indicate that Blazic had anyone accompany him into the operating room other than his nurse and hospital employees. Under R.C. 4715.30(A)(2), billing for a nonexistent assistant constitutes, at the very least, "material deception," if not intentional misrepresentation. The OSDB's determination that Dr. Blazic violated the statute on these two occasions was well supported by the evidence.

### II

In addition to violating R.C. 4715.30(A)(2), Dr. Blazic violated R.C. 4715.19. The relevant portion of the statute provides: "No person, being a manager, proprietor, operator, or conductor of a place for performing dental operations, shall employ a person who is not a licensed dentist to perform dental operations or shall permit such person to practice dentistry in his office." Dr. Blazic has admitted that he contacted Dr. Vincent Edwin DiFabio, who is licensed to practice dentistry in Maryland, but not in Ohio, and invited DiFabio to observe and assist with an operation that Dr. Blazic was performing in an Ohio hospital. Accepting Dr. Blazic's invitation, Dr. DiFabio served as an assistant surgeon for Dr. Blazic during an operation performed in Fairfield Hospital in Fairfield, Ohio.

### A

The license required by R.C. 4715.19 is an Ohio license. When this statute is read in conjunction with the other sections in R.C. Chapter 4715, it is clear that the General Assembly intended to prohibit anyone from practicing dentistry in Ohio without first obtaining a license from the Ohio State Dental Board. R.C. 4715.09(A) requires that "[n]o person shall practice dentistry without a current license from the state dental board." (Emphasis added.) A separate statute, R.C. 4715.15, provides the exclusive procedure by which a dentist

licensed in another state can obtain a dental license in Ohio. This reciprocity statute prevents those dentists licensed in other states from practicing in Ohio until the OSDB determines that they possess the proper academic credentials, and are of "good moral character." The statute at issue in this case, R.C. 4715.19, complies with the purpose of R.C. Chapter 4715. It requires Ohio's dentists, who are in the best position to detect offenders, to refrain from employing dentists not licensed in Ohio.

B

The OSDB determined that Blazic was "a manager, proprietor, operator, or conductor of a place for performing dental operations," and, thus, impermissibly employed an unlicensed dentist. The operation in which the unlicensed dentist, Dr. DiFabio, assisted Blazic occurred in a hospital operating room.

The record of the administrative hearing contains enough evidence to provide the state dental board with an reasonable basis to conclude that Blazic was the manager, proprietor, operator, or conductor of the hospital's operating room. Dr. Blazic often brought his own nurse into the operating room, and billed his patients for the services of his nurse and assistant surgeon. The patients being treated there were Blazic's. Additionally, Dr. DiFabio participated in the operations only in response to Dr. Blazic's invitation. All of these facts support one conclusion: Dr. Blazic was in control of the hospital operating room. Therefore, Dr. Blazic qualifies as a "manager, proprietor, operator, or conductor of a place for performing dental operations," pursuant to R.C. 4715.19.

III

The OSDB's finding that Dr. Blazic violated R.C. 4715.30(A)(7) is not supported by the evidence on the record. This statute allows disciplinary action against licensed dentists for "[P]roviding *** dental care that departs from or fails to conform to accepted standards for the profession, whether or not injury to a patient results."

Appellant's sole basis for supporting this charge was the expert testimony of Dr. Michael Barnes Lee. Dr. Lee testified that, after reviewing the dental treatment records of a patient of Dr. Blazic, he concluded that it was impossible for Dr. Blazic to have performed, and to have properly billed for, the same operation on a patient's jaw on two different occasions.

This evidence alone is simply not enough to conclude that Dr. Blazic had provided substandard dental care. When Dr. Lee was asked whether he had an opinion on the standard of care provided to Blazic's patient, Dr. Lee explicitly stated that he had none. In addition to an absence of expert testimony regarding Dr. Blazic's standard of care, there was no testimony from any of Blazic's patients, who were in the best position to complain about their treatment. Instead, the scope of testimony focussed on the billing practices of Dr. Blazic. Accordingly, the OSDB could not properly conclude that Dr. Blazic violated R.C. 4715.30(A)(7).

The record contains sufficient evidence that Dr. Blazic violated R.C. 4715.30(A)(2) and 4715.19, but does not contain enough evidence to support the OSDB's conclusion that he violated R.C. 4715.30(A)(7). The sanctions imposed against Dr.

Blazic are reasonable, even though there was no supportable finding of substandard care.  Thus, they remain intact.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas,  Resnick and F.E. Sweeney, JJ., concur.

Wright, J., concurs in judgment only.